IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MATTHEW SCOTT MCGRATH, #1852772 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1293 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

Petitioner Matthew Scott McGrath, an inmate confined in the Texas prison system, proceeding *pro se*, brings the above-styled and numbered petition for a writ of habeas corpus challenging his 2013 Rains County conviction for murder. The petition was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #25) concluding that the petition should be denied. Mr. McGrath has filed objections (Dkt. #27).

Mr. McGrath initially argues that the Report and Recommendation failed to consider or make recommendations in accordance with his Response or Traverse to the State's response to the habeas petition. The court finds that Mr. McGrath's objection is too vague and non-specific. Objections to the Report and Recommendation must be specific. *See* 28 U.S.C. § 636(b)(1). If a party files specific written objections to a Magistrate Judge's Report and Recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2) (requiring specific written objections). The objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues which are

1

truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir.1996); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982) (en banc) ("It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider.").

General, vague, conclusive, or frivolous objections will not suffice. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987). In such cases, the court will only review the Magistrate Judge's findings to determine if they are clearly erroneous or contrary to the law. *See Gallegos v. Equity Title Co. of America, Inc.*, 484 F.Supp.2d 589, 591 (W.D. Tex. 2007) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.1989)). Objections made with sufficient specificity, however, allow for the district court to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir.1998)(quoting 28 U.S.C. § 636(b)(1)).

Furthermore, to the extent Mr. McGrath is asserting that he raised new issues in his response to the State's response to the habeas petition and the Magistrate Judge did not address those issues, those issues were not properly before the court. *See Cutrera v. Board of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (a claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court). For these reasons, Mr. McGrath's first objection is overruled.

In his second objection, Mr. McGrath challenges the recommendation to deny his ineffective of assistance of counsel argument regarding trial counsel's failure to confirm that the trial court obtained jurisdiction in accordance to state law. He argues that the trial court tried and convicted him on an offense not alleged in the grand jury indictment; and as such, the indictment

failed to confer jurisdiction on the trial court. McGrath explains in his Objections that the indictment[1] did not state that the murder was "by use of a deadly weapon," that Mr. McGrath had "latent tendencies" towards violence, and that the murder was "pre-meditated" and by use of a ".35 Magnum Revolver."

This challenge was presented as an ineffective assistance of counsel issue in Mr. McGrath's habeas petition. On the issue presented in his habeas petition, the Report and Recommendation found that Mr. McGrath had not presented this issue to the state court below. As such, the Report concluded that Mr. McGrath's claim that his counsel was ineffective because counsel failed to confirm the trial court's obtained jurisdiction in accordance to state law was an unexhausted claim. (See Dkt. #25, pp. 22-23).

The issue as presented in Mr. McGrath's objections appears to be more of a direct challenge to perceived errors in his indictment. Mr. McGrath did not raise a direct challenge to his indictment in his habeas petition. Issues raised for the first time in objections to the Report and Recommendation are not properly before the Court. *Cupit v. Whitley*, 28 F.3d 532, 535 n5 (5th Cir. 1994); *Harrison v. Smith*, 83 F. App'x 630, 631 (5th Cir. 2003).

Additionally, if a petitioner enters a voluntary, knowing, and intelligent guilty plea, he waives any challenge to non-jurisdictional defects in the proceedings, with the exception of claims for ineffective assistance of counsel relating to the voluntariness of the guilty plea. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.1983);

---

[1] The indictment states in relevant part that the charge is "Murder," and that "Matthew Scott McGrath did then and there intentionally or knowingly cause the death of an individual, namely, Carl Johnson, by shooting the said Carl Johnson." (Dkt. #15-2, p. 4).

3

*Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir.1981). In *Brown v. Jernigan,* 622 F.2d 914, 916 (5th Cir.1980), for instance, a petitioner claimed that his "indictment was dated and signed improperly and that it was returned by less than a full panel of grand jury members." The Fifth Circuit ruled that the petitioner waived any alleged defects in the indictment when he pled guilty. *Id.* Here, as in *Jernigan,* Mr. McGrath waived this challenge to the indictment when he voluntarily pled guilty. (See Dkt. #25, pp. 20-22, discussion of voluntariness of Mr. McGrath's plea).

When Mr. McGrath knowingly and voluntarily pleaded guilty, he waived all non-jurisdictional challenges to the conviction. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (a voluntary guilty plea waives all non-jurisdictional defects); *Henderson*, 411 U.S. at 267. The court has reviewed the record and determined that Mr. McGrath knowingly and voluntarily pleaded guilty. Because this issue concerns events and counsel's actions or inactions prior to Mr. McGrath's knowing and voluntary guilty plea, it is waived. See *id.*

That said, even absent waiver, Mr. McGrath's claim is without merit. "[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Liner v. Phelps,* 731 F.2d 1201, 1203 (5th Cir. 1984). Here, the omission of the language Mr. McGrath cites did not render the indictment defective, much less so defective that it deprived the trial court of jurisdiction. See Indictment at Dkt. #15-2, p. 4.

In his objection to the trial court's jurisdiction regarding perceived defects in the indictment, Mr. McGrath fails to explain how his trial counsel was ineffective or point to anything in the record that supports his argument. In order to succeed on a claim of ineffective assistance of

counsel, a petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Magistrate Judge Love found that Mr. McGrath had not satisfied his burden under § 2254(d) in order to obtain relief. In his objections, Mr. McGrath's objection that his trial counsel should have challenged the indictment and thus the jurisdiction of the trial court is inadequate. Mr. McGrath has not shown that counsel's performance was deficient. More importantly, he has not shown that he was prejudiced because counsel failed to do more. Mr. McGrath is not entitled to relief because he has not shown, as required by § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Moreover, he has not satisfied his burden of overcoming the "doubly" deferential standard that must be accorded counsel in conjunction with § 2254(d). *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. McGrath to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. McGrath's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Jun 13, 2018**

_____
Ron Clark, United States District Judge